IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

VERONICA GONZALEZ-CARMONA,
     Petitioner,

v.                                Case No. 4:25cv158/MW/MAL

WARDEN FCI TALLAHASSEE,
     Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Veronica Gonzalez-Carmona filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 claiming the Bureau of Prisons improperly denied her credits under the First Step Act (FSA) because of a final order of deportation entered against her. ECF No. 2. The FSA expressly prohibits the application of time credits to inmates who are the subject of a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E). Gonzalez-Carmona nonetheless maintains the denial of credit was improper both because she has moved to reopen the immigration proceeding, and because other inmates with final orders of removal allegedly had their FSA credits applied.

The Warden filed a response asserting the petition should be dismissed because Gonzalez-Carmona did not exhaust her administrative remedies, and alternatively, that it is without merit. ECF No. 14. Gonzalez-Carmona has not filed

a reply. After a review of the record and relevant law, I recommend that the petition be denied because it is without merit.[1]

Gonzalez-Carmona was sentenced to a ten-year term of imprisonment after her conviction of a drug trafficking offense in the Southern District of Iowa in 2018. ECF No. 14-1 at 3. She is not a United States citizen. As a result of her conviction, a Final Administrative Removal Order under the Immigration and Nationality Act was entered and served on her on February 7, 2024. ECF No. 14-1 at 12; ECF No. 2 at 10.

Federal inmates are generally eligible to participate in evidence-based recidivism reduction programs under the First Step Act and earn time credits. 18 U.S.C. § 3632(d)(4). However, not all prisoners are eligible for the *application* of these credits. As noted above, prisoners who are the subject of a final order of removal are statutorily ineligible to have any time credits applied. 18 U.S.C. § 3632(d)(4)(E)(i); *see Medina v. Neely*, No. 7:23-cv-1135-MHH-MAD, 2024 WL

---

[1] "The court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Santiago-Lugo v. Warden*, 785 F. 3d 467, 476 (11th Cir. 2015) (citing *Granberry v. Greer*, 481 U.S. 129 (1987)). The Court also finds, however, that Gonzalez-Carmona failed to exhaust her administrative remedies. According to the petition, Gonzalez-Carmona filed a grievance with the Warden, which was denied on February 10, 2025. ECF No. 2 at 3-4, 7. Gonzalez-Carmona does not allege she completed the next two levels (appeal to the Regional Director and appeal to the Central Office) to exhaust her administrative remedies completely. The Warden has presented uncontroverted evidence that Gonzalez-Carmona failed to follow procedures to appeal to the Regional Director and to the Central Office. ECF No. 14-1 at 6-7.

2813319, at *2-3 (N.D. Al. May 7, 2024) (upholding denial of application of credits to a non-citizen subject to an order of removal) (citing cases) *report and recommendation adopted* 2024 WL 2807019 (N.D. Al. May 31, 2024); *Kavaja v. Emmerich,* No. 25-1204, 2025 WL 1983889, at *1 (7th Cir. July 17, 2025) (holding that an order of removal is final where it concludes that the noncitizen is deportable or orders deportation irrespective of subsequent application to withhold removal) (cleaned up) (citation omitted); *Cheng v. United States*, 132 F. 4th 655, 658-59 (2d Cir. 2025) (upholding constitutionality of § 3632(d)(4)(E)(i)).

Gonzalez-Carmona contends that she should be eligible to earn and apply credits towards her early deportation because she has filed a "motion to reopen the matter with the immigration courts in Tallahassee, Florida." ECF No. 2 at 3. Appended to her § 2241 petition is an undated "Motion to re-open under Title 8 U.S.C. § 12292." ECF No. 2 at 9-11. The motion is styled for the "United States Immigration Court," with the notation "File No. 208 871 751." *Id.* at 9. Gonzalez-Carmona offers no proof that the motion was filed or that, even if it was filed, her case has been reopened.[2]  In sum, she offers nothing to prove she is no longer "the

---

[2] The Court has found no relevant records. A search of the Automated Case Information for the Executive Officer for Immigration Review, *see* https://acis.eoir.justice.gov/en/, which allows for a search for detainees by A-Number and Nationality, revealed nothing. Similarly, no records were found on the U.S. Citizenship and Immigration Service's tool for checking Case Status Online using the 13-character Event Number that appeared on the Final Administrative Removal Order, (ECF No. 14-1 at 12), *see* https://egov.uscis.gov/ (requiring a 13-character identifier to locate an

subject of a final order of removal." Under 18 U.S.C. § 3632(d)(4)(E)(i), Gonzalez-Carmona is ineligible for the application of FSA credits.

Gonzalez-Carmona also appears to contend that she should be entitled to apply the credits she has earned because "several inmates" who allegedly had final orders of deportation lodged against them were able to earn and have FSA credits applied, thus benefitting from early release and deportation. ECF No. 2 at 3. Gonzalez-Carmona's conclusory assertions regarding other inmates are completely lacking in evidentiary support, and do not entitle her to relief.

As a final matter, the Court notes at the time she filed her petition, Gonzalez-Carmona was a federal prisoner in custody at the Federal Correctional Institution in Tallahassee, Florida with a projected release date of February 10, 2026. *See* https://www.bop.gov/inmateloc/. The Bureau's website now indicates she is "not in BOP Custody as of 02/10/2026." *Id.* If "there is nothing left for [the court] to remedy," her petition may be moot. *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)). However, it is not clear whether Gonzalez-Carmona has been released outright or is in an alternative custodial situation from which she might theoretically benefit from the

---

immigration application, petition or request).

application of credits. Therefore, given this uncertainty, the Court has chosen to address the merits of the petition.

Accordingly, it is respectfully RECOMMENDED:

1.    Gonzalez-Carmona's petition under 28 U.S.C. § 2241 (ECF No. 2) be DENIED as it is without merit. Alternatively, the petition is subject to dismissal for her failure to exhaust her administrative remedies.

2.    The clerk be directed to close the case file.

DONE on May 11, 2026.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

**NOTICE TO THE PARTIES**

The case was referred to a magistrate judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.